UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW R. PERRONG**<br>1657 The Fairway #131 Jenkintown, PA 19046<br><br>**Plaintiff,**<br>vs.<br><br>**AMERICAN WATER CONCEPTS, LLC.**<br>5113 HIGHWAY 58 STE 213<br>CHATTANOOGA, TN 37416,<br><br>**HOME VALUE PROMOTIONS, INC**<br>D/B/A "WATER AWARENESS PROGRAM"<br>5113 HIGHWAY 58 STE 213<br>CHATTANOOGA, TN 37416<br><br>**PATRICK JOSEPH ELLIS V,**<br>Individually and as Principal of AWC & HVP,<br>1572 WINDSTONE DR,<br>MARIETTA, GA 30067,<br><br>**JAMES EDWARD ELLIS,**<br>Individually and as Principal of AWC & HVP<br>8135 LEON BRENDA LN<br>OOLTEWAH, TN 37363,<br><br>and<br>**DOES 1 through 100, inclusive,**<br><br>**Defendants.** | Civil Action<br>No._____<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Jury Trial Demanded** |

Plaintiff ANDREW R. PERRONG brings this action for damages, restitution, reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, and injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64 for the *ultra vires* illegal actions and deliberate and knowing tortious activity of AMERICAN WATER CONCEPTS, LLC, HOME VALUE PROMOTIONS, INC D/B/A "WATER

1

AWARENESS PROGRAM" ("AWC & HVP"), PATRICK JOSEPH ELLIS V, Individually and as Principal of AWC & HVP ("ELLIS V"), JAMES EDWARD ELLIS, Individually and as Principal of AWC & HVP ("ELLIS"), and Does 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and related claims that form part of the same claim or controversy. Plaintiff demands a trial by jury, and complains and alleges as follows:

## I. Introduction

1. Defendant AMERICAN WATER CONCEPTS, LLC. ("AWC") is a Company located and domestically incorporated in the State of Tennessee. Defendant HOME VALUE PROMOTIONS, INC is an administratively dissolved Company owned by ELLIS. AWC & HVP do business under the name "WATER AWARENESS PROGRAM". AWC & HVP market, and sell, *inter alia,* water treatment services to individuals throughout Pennsylvania and other states in the US. Together, AWC and HVP are referred to throughout this complaint as "Companies." Its principal mailing address and address for service of process is located at 5113 HIGHWAY 58 STE 213 CHATTANOOGA, TN 37416.

2. Plaintiff brings this action to challenge Companies' practices in the telephone solicitation of their products and services. Specifically, Plaintiff challenges Companies' and Companies' agents' illegal telephone solicitations by which they markets their products and services, illegal Calls made using an automatic telephone dialing system and robocalls, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3. All of the claims asserted herein arise out of Companies' illegal telephone solicitation campaign and are a common fact pattern.

2

## II.     Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Bucks and Montgomery Counties, which lie within this judicial district, pursuant to 28 U.S.C. §118. Plaintiff received the phone calls to a 215-area code number, registered in this judicial district. The calls came from local 215 and 267 area code numbers. The mailing sent by Defendants lists a local number. Each of the Defendants has sufficient minimum contacts with this District, and otherwise purposely avail themselves of the markets in this District. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received."

## III.     Parties

6. Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the alleged phone calls on his private telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway #131 Jenkintown, PA 19046.

7. Defendant AMERICAN WATER CONCEPTS, LLC. ("AWC") is a Company located and domestically incorporated in the State of Tennessee. AWC does business under the name "Water Awareness Program". Upon information and belief, ELLIS V and ELLIS own AWC. AWC markets and sells, *inter alia,* water treatment services to individuals throughout

Pennsylvania and other states in the US. Its principal mailing address and address for service of process is located at 5113 HIGHWAY 58 STE 213 CHATTANOOGA, TN 37416.

8. Defendant HOME VALUE PROMOTIONS, INC. ("HVP") is a Company located and formerly domestically incorporated in the State of Tennessee. HVP was administratively dissolved in August of 2018 for failure to file an annual report. HVP's owner, according to the Tennessee Secretary of State, is Defendant ELLIS. HVP does business under the name "Water Awareness Program". HVP markets and sells, *inter alia,* water treatment services to individuals throughout Pennsylvania and other states in the US. Its principal mailing address and address for service of process is located at 5113 HIGHWAY 58 STE 213 CHATTANOOGA, TN 37416.

9. Upon information and belief, AWC and HVP are *alter egoes* of the same Company, with AWC handling the installation and sales side of the business, and HVP handling the (illegal) marketing and telemarketing side of the business.

10. Defendant PATRICK JOSEPH ELLIS V ("ELLIS V") is an adult individual who is the Primary Owner of AWC & HVP. ELLIS V is an adult individual, and citizen of the United States. Additionally, ELLIS V is listed as the owner and Principal of HVP's website. As Principal of AWC & HVP, ELLIS V is a primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Companies' name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Tennessee, Georgia, Pennsylvania, and nationwide.

11. Defendant JAMES EDWARD ELLIS ("ELLIS") is an adult individual who is the Primary Owner of AWC & HVP. ELLIS is an adult individual, and citizen of the United States. In fact, ELLIS is listed as the agent for service of process and owner of HVP, which has been administratively dissolved. As Principal of AWC & HVP, ELLIS is a primary individual who

reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Companies' name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Tennessee, Pennsylvania, and nationwide.

12. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

13. At all times herein mentioned, AWC & HVP, ELLIS V, ELLIS, and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

14. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

15. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

16. The TCPA imposes personal liability on individuals who participate in or commission telemarketing calls.

17. Under the TCPA, an individual such as ELLIS V or ELLIS may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217, the Communications Act of 1934, as amended, of which the TCPA is a part, which reads, *inter alia*: "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

18. When considering individual officer liability, other Courts have agreed that a Corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See*, e.g*., Jackson v. Five Star Catering, Inc., v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013), which stated that "[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'" *See also Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011), stating that "If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."

### IV. Factual Allegations

19. In or about December 31, 2018, Plaintiff received the below postcard about a "delivery notice." The postcard stated that Plaintiff had a "package" for him, and that he should call the number on the back of the card, 267-704-4083, to schedule delivery. Not having any reason to doubt the authenticity of the message, Plaintiff called the number and was directed to a

voicemail box to leave a message. Plaintiff provided his telephone number, 215-791-6957, solely for the purpose of scheduling delivery of the alleged package and for no other reason.



20. In or about January 3rd, 2019, Plaintiff received the first of multiple calls made using an automatic telephone dialing system ("ATDS") or robocall by Defendants and/or their agents at Plaintiff's personal telephone number, 215-791-6957, for which he is charged for the call. Plaintiff had not consented to this solicitation, and Plaintiff's telephone number was on the Federal Do-Not-Call Registry.

21. This first call, received at 11:38 AM, bore the Caller ID 215-608-0061. The caller claimed that there was indeed a package for delivery, but could not provide any other "information" without the tracking number on the rear of the postcard. Because Plaintiff was

driving at the time and did not have the postcard ready-to-hand, Plaintiff instructed the caller that they should call back later and that he would have the tracking number for the caller.

22. This call was placed using an Automatic Telephone Dialing System ("ATDS" or "robocalls") because Plaintiff said "Hello" on this call but did not get connected until after a few seconds and some machine noise, a pause and a distinctive click. Plaintiff was only transferred to a representative at that point.

23. Furthermore, it is believed that Defendants use a Twilio ATDS provided by Ocean Media Now, a Florida Company that advertises "Cloud Based Call Center Predictive Dialers" on their website (see http://www.oceanmedianow.com/index.php?route=product/category&path=69, archived at https://archive.is/1REpM).

24. Plaintiff then received a call on January 4, 2019 at 11:48 AM. This call bore the same Caller ID 215-608-0061. The call had the same ATDS characteristics as the first call. The caller, which Plaintiff believes is the same caller he spoke to previously, upon getting the tracking code, instead of scheduling delivery of a "package", launched into a telephone sales pitch. The caller stated that the "package" was a bottle of Tide laundry detergent that would be provided to him if and only if he sat through a water quality sales pitch/presentation at his house. The caller said he was calling from the "Water Awareness Program" and gave a website of https://www.waterawarenessprogram.com/ (archived at https://archive.is/M5AIn). This website is owned by Defendant ELLIS V. Upon being pressed for the name of the Company, the caller stated he was calling from "Home Value Promotions."

25. Plaintiff was dismayed to find out that the "package" for Plaintiff was simply a package of bullshit. The "package" was revealed not to be present-at-hand.

26. As a result, Plaintiff stated that the call was illegal, asked to be placed on Companies'

Do-Not-Call list, and asked to receive a copy of Companies' Do-Not-Call policy. The caller, instead, became rude and hung up.

27. Despite this clear instruction not to be called, Plaintiff got a call on February 25, 2019 from 267-440-7048 at about 6:23 PM. This call, like the first and second, had the same ATDS characteristics, despite being from a different caller ID. Plaintiff was surprised to hear a different representative, "Tessa," from the "Water Awareness Program," claim that Plaintiff had spoken to her before and asked for a call back. Despite this assertion, Plaintiff had never spoken to "Tessa" before in his life. Plaintiff confirmed that the caller, "Tessa" was from "Home Value Promotions," and provided the same website as the previous caller, waterawarenessprogram.com. Plaintiff scheduled an appointment to absolutely establish the identity of the caller and for no other reason. Plaintiff subsequently cancelled this appointment by calling HVP directly.

28. Based on the inaccurate post card mailed *en masse* to individuals in the area with the subterfuge of a "package delivery", the inability to process do-not-call requests, the inability to know whether a person has spoken to an employee before, and the use of a Company that advertises a "predictive dialer," it is clear that Company used a predictive dialer to call Plaintiff. A predictive dialer is an ATDS. These postcards and calls are sent en masse to thousands of "package recipients" in such a manner that would make it prohibitive to dial calls manually. Moreover, there exists more than enough circumstantial evidence to prove that Defendants used an ATDS to contact Plaintiff. No normal call has machine noise, a pause, and a click before an agent comes on the line. No normal caller calls the Plaintiff after explicitly being told not the call. The calls were therefore clearly sent using a scripted "automatic telephone dialing system."

29. Based on the averments above, Plaintiff has demonstrated that these calls were made

9

using an automatic telephone dialing system ("ATDS" or "autodialer") as that term is defined in 47 U.S.C. § 227(a)(1).

30. To the best of Plaintiff's knowledge, none of the Defendants are licensed under any authority or capacity neither to operate a delivery or package service nor as home improvement contractors to sell, install, or service water treatment systems in Pennsylvania. Furthermore, Defendants are not a public utility or water company.

31. Because Plaintiff asked to receive Defendants' Do-Not-Call policy and did not, it is evident that Defendants do not maintain such a policy. Likewise, based on this fact, and the fact that Defendants have no clue who they are calling and use trickery and confusion to make a sales pitch and do not abide by Do-Not-Call requests, it is clear that Defendants do not have any Do-Not-Call lists or procedures in place. Based on the nature of their illegal activities, Defendants' noncompliance with the law in this regard is unsurprising.

32. Plaintiff received the calls on his private telephone, which is a telephone for which he is charged for the calls, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

33. Defendant ELLIS V is personally liable under the "participation theory" of liability because he is the Principal owner and controlling officer of AWC & HVP, knew of Companies' violations, and directed employees and/or agents of Companies to continue making those violations. Based on the fact that ELLIS V is registered as the technical contact for the "Water Awareness Program" website, ELLIS V is responsible for the day-to-day IT operations of Company. Such operations, upon information and belief, include the basic administration of the illegal autodialer which was used to contact the Plaintiff.

34. Defendant ELLIS is personally liable under the "participation theory" of liability

because he is the Principal of an Administratively Dissolved Company, HVP, which is most directly tied to the calls because the caller stated that they were calling from HVP. Furthermore, upon information and belief, ELLIS shares a role in TCPA compliance and is responsible for ensuring that Companies' systems maintain complaint, which they are not.

35. ELLIS V and ELLIS are presumably brothers that share joint ownership of AWC and HVP. Accordingly, they are personally liable because they are personally responsible for ensuring Companies' employees' TCPA compliance and compliance with all applicable laws and regulations concerning their business, including telemarketing laws. The ELLIS brothers, upon information and belief, are the final authority to how their business is marketed and oversee payments of their employees, marketing partners, and control the bank accounts through which their Companies orchestrate their illegal telemarketing schemes.

36. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice… to any telephone number assigned to a… cellular telephone service… or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii). As stated immediately above, the calls were placed using an automatic telephone dialing system to Plaintiff's private telephone line, on which he is charged for the call.

37. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

38. Plaintiff was harmed by the calls. He was temporarily deprived of legitimate use of his phone because his phone line was tied up, he wasted energy and stress in answering a call, his telephone batteries and electricity were depleted, he was charged for the calls, and his privacy

was improperly invaded. Moreover, the calls injured plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

39. Plaintiff adequately confirmed corporate identity for each and every call so as to establish liability of Defendants, as more fully outlined above.

40. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

41. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal telephone that utilized an "automatic telephone dialing system" or otherwise to transmit a message or make calls.

42. As a point of fact, to the extent that "consent" was supplied during the calls, that was done in order to discover the identity of the caller and to seek delivery of a real package, not for a sales pitch, and for no other reason. Courts have held this to be legitimate and have not held such "consent" to be detrimental to a plaintiff bringing a TCPA action. *See* for instance, Bank v. Caribbean Cruise Line, which held that "Purporting to obtain consent during the call, such as requesting that a consumer "press 1" to receive further information, does not constitute the prior consent necessary to deliver the message in the first place, as the request to "press 1" is part of the telemarketing call.... As the FCC has stated, the consent must be made before the call."

43. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

44. The telephone Sales Calls therefore violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 U.S.C. § 227(e), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR § 64.1200(a)(1)(iii), 47 CFR § 64.1200(a)(1), and 47 C.F.R. 64.1200(c)(2).

## V.   Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

45. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

46. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

48. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

49. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

50. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Third Cause of Action

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

51. Plaintiff incorporates and realleges, as though fully set forth herein, each of the

13

paragraphs above.

52. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

53.  Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

54. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

55. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

56.  Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fifth Cause of Action
 (Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

57. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

58. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR

64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

59. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

60. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

61. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

62. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Eighth Cause of Action
(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

63. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

64. As a result of Defendants' and Defendants' agents knowing and/or willful violations

of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### **WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

### VI.    **Prayer for Relief**

On Causes of Action 1-8:

1. For awards of $500 for each negligent violation as set forth in actions 1-8;

2. For awards of $1,500 for each knowing/willful violation as set forth in actions 1-8.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: : **$18,000** (Three counts each of: sales call, ATDS call, failure to put Plaintiff's number on Defendants' Do-Not-Call list, and failure to provide Plaintiff a copy of Defendants' Do-Not-Call policy, at $500 per count of each, with treble damages for each.)

4. Punitive damages to punish Defendants for their willful, illegal, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

5. Prejudgment interest at the maximum legal rate;

6. Costs of suit herein incurred; and

7. All such other and further relief as the Court deems proper.

## VII.    Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: **March 5, 2019**

                                                                                     _____/s/_____

Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com
